UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA MATHES, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-2290 |
| | § | |
| CERES ENVIRONMENTAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the defendant's, Ceres Environmental Services, Inc. (the "defendant"), amended motion for summary judgment. (Dkt. No. 25). The plaintiff, Rhonda Mathese, individually, and as heir to and administrator of the Estate of Gary Douglas Johnson, deceased, (the "plaintiff"), has filed a response in opposition to the defendant's motion for summary judgment (Dkt No. 26) and the defendant has filed a reply (Dkt. No. 27). After having carefully evaluated the parties' submissions, the record, the undisputed facts and the applicable law, the Court determines that the defendant's amended motion for summary judgment should be **DENIED**.

The plaintiff commenced the instant action against the defendant for damages arising out of the death of her brother, Gary Douglas Johnson, (the "decedent"), on December 14, 2015, during the course and scope of his employment with the defendant. The defendant is a subscriber under the Texas Workers' Compensation Act ("TWCA"), which generally is the exclusive remedy for job-related injuries, save for those resulting from an employer's intentional conduct. *See Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 412 (Tex. 1989) (citing *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981)). Specifically, the plaintiff contends that the defendant committed an intentional tort that proximately caused the

decedent's death and, as such, brings a survival claim on behalf of the decedent's estate, in accordance with the intentional tort exception to the TWCA. *See* Tex. Lab. Code § 408.001; Tex. Civ. Prac. & Rem. Code § 71.021; *Feazell v. Mesa Airlines, Inc.*, 917 S.W.2d 895, 902 (Tex. App.—Fort Worth 1996, writ denied).

The defendant moves for a summary judgment on the plaintiff's claims, arguing that the plaintiff's summary judgment evidence fails to meet the evidentiary standard required to show that the defendant intended to cause the decedent's death on the morning of December 14, 2015. The defendant maintains that the evidence demonstrates that the decedent arrived at work early Monday morning, after a weekend of heavy rain, prior to his scheduled workday and, without instruction of any kind, mounted an excavator, drove it into an excavation filled with water, and drowned. It further alleges that the plaintiff cannot show that it had the purpose or desire to cause the decedent's death or that the defendant had knowledge that its actions were substantially certain to result in the decedent's death. In support of its contentions, the defendant proffers transcript excerpts from the deposition of Sebastian Gutierrez, a project manager for the defendant responsible for overseeing the Kuykendahl Road project site where the decedent drowned, the defendant's Workers' Compensation Insurance Policy issued by Zurich, and deposition excerpts from the plaintiff's expert witness.

In opposition to the defendant's motion for summary judgment, the plaintiff has tendered the Affidavit of Steve Davenport, a former employee-superintendent for the defendant who was in charge of field operations at the defendant's Kuykendahl Road project site, the deposition transcript of defendant's project manager, Sebastian Gutierrez, and the deposition transcript of Michael Warren Hayslip, the plaintiff's excavation safety expert, who has over thirty years of experience in the field, including working as a surveyor, performing excavation work and

conducting trainings on excavator safety, along with the transcript of a private investigator and other employee statements and related attachments. (*See* Dkt. No. 26, Exs. B, C, D, F & H).

In his affidavit, Field Superintendent Davenport stated that it was not uncommon for workers, such as the decedent, to show up as early as 5:30 a.m. and began performing work, as this was normal and expected protocol. (Dkt. No. 26, Ex. B., ¶ 7). Davenport also stated that he "knew it was substantially certain that someone would be seriously injured or killed by drowning if they were required to work at the [Kuykendahl Road project] site on Monday, December 14, 2015." (Dkt. No. 26, Ex. B., ¶ 9). Moreover, Mr. Hayslip, after identifying industry standards and certain of the defendant's management practices, opined that defendant's practices were substantially certain to result in serious injury or death to the decedent. (Dkt. No. 26, Ex. C.). More specifically, Mr. Hayslip opined as follows:

> They were substantially certain to know that the hole was unsafe. They knew [the decedent's] work activities were to start before 7:00 o'clock. They knew no one had inspected the hole. In the totality, the consequences were that they knew substantially certain that [the decedent would] drown that Monday morning. And they still continued to demand [that he], the plaintiff, Mr. Johnson, [sic] to work knowing exactly who he would be, where he would be, and to some degree, when it would happen, yes.

(*Id.*, Ex. C at 184:1 – 17; *see also* 126: 1 – 15.).

Based on the evidence presented, the Court is of the opinion that the plaintiff and defendant have tendered conflicting summary judgment evidence. Without commenting on the strength or credibility of the evidence presented, the Court determines that the parties have raised a genuine issue of material fact concerning the defendant's intent. The evidence presented provides more than a scintilla of probative evidence which tends to put the defendant's intent in question. Having found a fact issue, the Court deems summary judgment inappropriate under the circumstances. *See E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999) ("This is a

swearing match-a factual dispute which must be resolved by the ultimate fact finder, not by the judge on summary judgment.")

It is so **ORDERED**.

SIGNED on this 17th day of September, 2018.

_____
Kenneth M. Hoyt
United States District Judge